IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| ROBERT DAVIS, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO.: 3:09-cv-673-MEF |
| ERIC K. SHINSEKI. Secretary, Department of Veterans Affairs, | ) |
| Defendant | ) |

## MOTION IN SUPPORT OF DISMISSING DEFENDANT REQUEST FOR DISSMAL AND/OR SUMMARY JUDGEMENT

Come now the plaintiff will provide the court with factual evidence that Defendant's case is full of witnessed perjuring themselves in/or tampering with evidence and because of theses illegal actions, all of the defendant motions should be refused and that summary judgment be awarded to the plaintiff.

### INTRODUCTION

1. Since the beginning of this case, there have been several rulings based on false and tampering with evidence. The plaintiff personal record was altered on several occasions (See exhibits: 1-4).

2. Linda King testified falsely that she was working on the complainant case. At the time of his hiring ( See exhibit: 6 ). Cathy Barker testified that she worked on hiring the Plaintiff. Mrs. Barker was actually the personnel working on the

Plaintiff's hiring. Linda King also testified that she used regulation MP5-5 Part 2 Chapter 2, Appendix J., dated December 1997 to hire Mr. Davis, which have not been original verified. This regulation was dated December 1997. Mr. Davis was hired in December 1997.

3. Julia Pace testified in 2000 that she had no involvement in the hiring of Mr. Davis. In 2008, in an administrative hearing she stated that she was responsible for the hiring of Mr. Davis (See exhibit 15). Mrs. Pace also mislead the court to believe that Susan Sharpe had an associate degree (See exhibit 12). Both Linda King and Julia Pace were promoted shortly after giving their testimony.

4. Ken Langford testified that Dylan Jones reported to him that Stephanie Estes was using and distributing drugs on the East Campus. See defendant's exhibit 26, page 10. Dylan Jones testified that he made no such statements to Mr. Langford (See exhibit 17). Because of Mr. Langford false statement, I was subjected to a drug test and was investigated by the OIG. Because there was no probable cause for the search, it was a violation of my constitutional rights by the defendant. Ken Langford testified that Mr. Davis was hired in 1997 as a temporary employee pending his graduation from college (See exhibit 19). My service record showed that I graduated from college in 1989 (See exhibit 20).

5. The Defendant stated that there was an agreement between Mr. Davis and the Merit System Protection Board. The board after hearing the facts ruled in Mr. Davis favor and all charges were dropped. Mr. Davis was made hold. There were no other agreement made.

## FACTS OF LAW

Because of the intentionally, willfully and knowingly illegal action of the defendant Witness, the law is very clear. The Plaintiff had introduced indisputable evidence that caused the defendant the case (See exhibit 21-25).

## SUMMARY

Due to illegal action from the defendant's witness, the plaintiff motioned the court to dismiss all arguments and motions of the defendant and rule in favor of the plaintiff.

Respectfully submitted,

*Robert Davis*
Robert Davis
1009, Floyd Street
Tuskegee, Alabama 36087

## CERTIFICATE OF SERVICE

I hereby certify that on May 5, 2010, that a copy of the same was mailed to:

Leura G. Canary
United States Attorney
P.O. Box 197
Montgomery, Alabama 36101-0197,

Respectfully submitted,

*Robert Davis*
Robert Davis
1009 Floyd Street
Tuskegee, Al. 36088

1009 Floyd St.
Tuskegee, Al
36087



FIRST CLASS

Office of the Clerk
United States District
P.O. Box 711
Montgomery, Al 36101