IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

ROBERT DAVIS,                          )
                                       )
        Plaintiff,                     )
                                       )
v.                                     )        CIVIL ACTION NO. 3:09cv673-MEF
                                       )
ERIC K. SHINSEKI, Secretary,           )
Department of Veterans Affairs,        )
                                       )
        Defendant.                     )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

Plaintiff Robert Davis ("Davis"), proceeding *pro se*, brings this Title VII action against defendant Eric Shinseki, in his capacity as the Secretary of the Department of Veterans Affairs, alleging that he was discriminated against and subjected to a hostile work environment because of his race, African-American. He also contends that he was retaliated against for filing discrimination charges with the Equal Employment Opportunity Commissioner ("EEOC"). He brings these claims pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"). The court has jurisdiction of the plaintiff's claims pursuant to its federal question jurisdiction, 28 U.S.C. § 1331, and the jurisdictional grant in 28 U.S.C. § 2000e-5.

Now pending before the court is the defendant's motion for summary judgment (doc.

# 20).[1]  Davis has filed a response in opposition to the motion (doc. # 24).  After careful review of the motion, the briefs filed in support of and in opposition to the motion, and the supporting and opposing evidentiary materials, the court concludes that the defendant's motion for summary judgment should be granted.

## II.  THE SUMMARY JUDGMENT STANDARD

"Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine [dispute][2] as to any material fact and that the moving party is entitled to judgment as a matter of law.'"  *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (per curiam) (citation omitted); FED.R.CIV.P. 56(c) (Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine [dispute] as to any material fact and that the movant is entitled to judgment as a matter of law.").  The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record, including pleadings, discovery materials and affidavits], which it believes demonstrate the absence of a genuine [dispute] of material fact."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The movant may meet this burden by

---

[1]  Although the defendant styled his motion as a "motion to dismiss, or in the alternative, motion for summary judgment," (doc. # 20), because the motion relies on material outside the pleadings, the court converted the motion to dismiss into a motion for summary judgment.

[2]  Effective December 1, 2010, the language of Rule 56(a) was amended.  The word "dispute" replaced the word "issue" to "better reflect[] the focus of a summary-judgment determination." FED.R.CIV.P. 56(a), Advisory Committee Notes, 2010 Amendments.

presenting evidence which would be admissible at trial indicating there is no dispute of material fact or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-324.

Once the defendant meets his evidentiary burden and demonstrates the absence of a genuine dispute of material fact, the burden shifts to the plaintiff to establish, with appropriate evidence beyond the pleadings, that a genuine dispute material to his case exists. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Celotex*, 477 U.S. at 324; FED.R.CIV.P. 56(e)(2) ("When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must ... set out specific facts showing a genuine [dispute] for trial."). A genuine dispute of material fact exists when the nonmoving party produces evidence that would allow a reasonable fact-finder to return a verdict in its favor. *Greenberg*, 498 F.3d at 1263.

To survive the defendant's properly supported motion for summary judgment, Davis is required to produce "sufficient [favorable] evidence" establishing a violation of Title VII. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). "If the evidence [on which the nonmoving party relies] is merely colorable . . . or is not significantly probative . . . summary judgment may be granted." *Id.* at 249-250. "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the [trier

of fact] could reasonably find for that party." *Walker v. Darby*, 911 F.2d 1573, 1576-1577 (11th Cir. 1990) *quoting Anderson*, *supra*. Conclusory allegations based on subjective beliefs are likewise insufficient to create a genuine dispute of material fact and, therefore, do not suffice to oppose a motion for summary judgment. *Waddell v. Valley Forge Dental Assocs., Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001); *Holifield v. Reno*, 115 F.3d 1555, 1564 n.6 (11th Cir. 1997) (plaintiff's "conclusory assertions ..., in the absence of [admissible] supporting evidence, are insufficient to withstand summary judgment."); *Harris v. Ostrout*, 65 F.3d 912, 916 (11th Cir. 1995) (grant of summary judgment appropriate where inmate produces nothing beyond "his own conclusory allegations. . . ."); *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984) ("mere verification of party's own conclusory allegations is not sufficient to oppose summary judgment. . . ."). Hence, when a plaintiff fails to set forth specific facts supported by appropriate evidence sufficient to establish the existence of an element essential to his case and on which the plaintiff will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex*, 477 U.S. at 322 ("[F]ailure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."); *Barnes v. Southwest Forest Indus., Inc.*, 814 F.2d 607, 609 (11th Cir. 1987) (if on any part of the prima facie case the plaintiff presents insufficient evidence to require submission of the case to the trier of fact, granting of summary judgment is appropriate).

For summary judgment purposes, only disputes involving material facts are relevant.

*United States v. One Piece of Real Prop. Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1101 (11th Cir. 2004).  What is material is determined by the substantive law applicable to the case.  *Anderson*, 477 U.S. at 248; *Lofton v. Sec'y of Dep't of Children & Family Servs.*, 358 F.3d 804, 809 (11th Cir. 2004) ("Only factual disputes that are material under the substantive law governing the case will preclude entry of summary judgment."). "The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003) (citation omitted).  To demonstrate a genuine dispute of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts. . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine [dispute] for trial.'"  *Matsushita Elec. Indus. Co, Ltd., v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  In cases where the evidence before the court which is admissible on its face or which can be reduced to admissible form indicates that there is no genuine dispute of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper.  *Celotex*, 477 U.S. at 323-324 (summary judgment appropriate where pleadings, evidentiary materials and affidavits before the court show there is no genuine dispute as to a requisite material fact); *Waddell*, 276 F.3d at 1279 (to establish a genuine dispute of material fact, the nonmoving party must produce evidence such that a reasonable trier of fact could return a verdict in his favor).

5

Although factual inferences must be viewed in a light most favorable to the nonmoving party and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not escape the burden of establishing by sufficient evidence a genuine dispute of material fact. *Beard v. Banks*, 548 U.S. 521, 525 (2006); *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). Thus, the plaintiff's *pro se* status alone does not mandate this court's disregard of elementary principles of production and proof in a civil case. In this case, Davis fails to demonstrate a requisite genuine dispute of material fact in order to preclude summary judgment. *Matsushita*, *supra*.

## IV. DISCUSSION

As stated in his complaint, Davis alleges the following acts constitute racial discrimination, harassment and retaliation.

- A white individual was hired by the Agency at a higher salary with less qualifications.

- I was subjected to a urine specimen test by the Agency for selling and using illegal drugs on government property. This action was taken without probable cause and not in accordance with the rules and regulations of the V.A.

- I was terminated by the Agency wrongfully and had to be brought back to duty of charges that were unfounded.

- The Agency had me investigated by one board which did not rule in agreement with the Agency, so the Agency convened a second board which ruled in the Agency's favor.

(Compl., doc. # 1, at 2). Beyond these general allegations, Davis does not elaborate further

on the facts that form the basis of his claims.[3]

## A. RACE DISCRIMINATION - SALARY

First, Davis claims that the Department of Veterans Affairs discriminated against him when he was paid a lower starting salary than a white employee.[4]  The defendant argues that this claim is barred by the doctrine of *res judicata* because this claim against this defendant is identical to claims raised in a case which was previously dismissed by this court.  The court agrees that this matter is barred by the doctrine of res judicata.

"Our res judicata analysis has always required a consideration of the facts and legal theories of two causes of action as well as the rights and duties involved in each case." *Draper v. Atlanta Indep. Sch. Sys.,* 377 Fed. Appx. 937, 940  (11th Cir. 2010) *certiorari denied*, — S.Ct. —, 2010 WL 3074311 (Oct. 4, 2010) *citing Manning v. City of Auburn*, 953 F.2d 1355, 1359 (11th  Cir. 1992).  "We have consistently concluded that when the substance and facts of each action are the same, res judicata bars the second suit."  *Id*.  In *I.A. Durbin, Inc. v. Jefferson National Bank*, 793 F.2d 1541 (11th Cir. 1986), the Court summarized the

---

[3]  In his complaint, Davis wrote "Reprisal" under Other discriminatory conduct.  (Compl. at 2, ¶ 6, doc. # 1).  Beyond this, Davis makes no argument and points to no facts in support of this claim.  It is not the burden of the district court to distill every potential argument that could be made based upon the materials before it on summary judgment.  *Blue Cross & Blue Shield v. Weitz*, 913 F.2d 1544, 1550 (11th  Cir. 1990).  Rather, the onus is upon the parties to formulate arguments; grounds alleged in the complaint but not relied upon in summary judgment are deemed abandoned. *Road Sprinkler Fitters Local Union No. 669 v. Indep. Sprinkler Corp.*, 10 F.3d 1563, 1568 (11th Cir. 1994).

[4]  Davis does not identify the white employee in his complaint or in opposition to the defendant's motion for summary judgment.  The court has culled the comparator from the evidentiary materials filed by Davis in opposition to the defendant's motion for summary judgment.  If Davis is referring to another employee, he has failed to identify that employee or point to any other different factual circumstances.  Thus, the court properly concludes that this claim is the same as the previously adjudicated claim.

doctrine of res judicata as follows:

> Res judicata or claim preclusion refers to the preclusive effect of a judgment in foreclosing relitigation of matters that were litigated or could have been litigated in an earlier suit. . . . In order for the doctrine of res judicata to bar a subsequent suit, four elements must be present: (1) there must be a final judgment on the merits; (2) the decision must be rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, must be identical in both suits; and (4) the same cause of action must be involved in both cases.

*I.A. Durbin*, 793 F.2d at 1549 (citations omitted).  It is to these elements the court now turns.

(1)     **A Final Judgment by a Court of Competent Jurisdiction**.  In July 2001, Davis filed suit against Anthony J. Principi, the Secretary of the Department of Veterans Affairs at that time.  *See Davis v. Principi*, Civ. Act. No. 3:01cv924-ID (M.D. Ala. 2002). In that case, Davis sued the Department of Veterans Affairs for race discrimination and retaliation alleging that he was paid less than similarly situated white employees and that he was paid less in retaliation for exercising his rights under Title VII.  *See Id*., Compl., doc. 1. On July 22, 2002, the Court ordered that final judgment be entered in accordance with the Recommendation of the Magistrate Judge, and dismissed the case with prejudice.  *See* Doc. 29.  On April 22, 2004, the Eleventh Circuit Court of Appeals affirmed the decision on the merits.  *See* Docs. # 36-37.  Clearly this court and the Eleventh Circuit Court of Appeals are courts of competent jurisdiction.  Thus, it is clear that the court's dismissal of the case was a final judgment on the merits and that the decision was rendered by a court of competent jurisdiction.

(2)     **Identical Parties**.  Parties are "identical" for purposes of res judicata when

they are the same or in privity with one another.  *NAACP v. Hunt*, 891 F.2d 1555, 1561 (11th Cir. 1990).  In *Davis v. Principi*, Civ. Act. No. 3:01cv924-ID (M.D. Ala. 2002), the plaintiff named Anthony J. Principi, the then-Secretary of the Department of Veterans Affairs.  In the present lawsuit, the plaintiff names Eric Shinseki, the present Secretary of the Department of Veterans Affairs.  Thus, the defendant in the present lawsuit is the same as, or in privity with, the defendant in the previous case.

       **(3)**    **The Same Cause of Action.**  In *Manning v. City of Auburn*, the Court summarized the law regarding when a cause of action is the same for purposes of res judicata as follows:

> In this circuit, the determination of whether the causes of action in two proceedings are the same is governed by whether the primary right and duty are the same. *Hunt,* 891 F.2d at 1561 (quoting *Kemp v. Birmingham News Co.,* 608 F.2d 1049, 1052 (5th Cir. 1979)); *I.A. Durbin, Inc. v. Jefferson Nat'l Bank,* 793 F.2d 1541, 1549 (11th Cir. 1986). The test is one of substance, not form. *I.A. Durbin,* 793 F.2d at 1549. Res judicata applies "not only to the precise legal theory presented in the previous litigation, but to all legal theories and claims arising out of the same 'operative nucleus of fact.'" *Hunt,* 891 F.2d at 1561 (despite variations in legal theories used and remedies sought, second suit barred because wrongful act in both cases was flying Confederate flag atop state capitol) (quoting *Olmstead v. Amoco Oil Co.,* 725 F.2d 627, 632 (11th Cir. 1984)); *Jaffree v. Wallace,* 837 F.2d 1461, 1468 (11th Cir. 1988) (second suit barred because "[b]oth cases raised first amendment (free exercise and establishment clause) challenges to use of textbooks and teachings on various subjects"); *Nilsen v. City of Moss Point,* 701 F.2d 556, 560 (5th Cir. 1983) (section 1983 action against city that refused to hire plaintiff as firefighter due to her sex precluded by earlier Title VII action on same facts).

953 F.2d 1355, 1358-59 (11th Cir. 1992).

       In the earlier case, the plaintiff asserted that he was discriminated against by the

Department of Veterans Affairs when he was paid less as a respiratory therapist than other similarly situated white employees, specifically Susan Sharp.  In the present case, the plaintiff more generally asserts that "[a] white individual was hired by the Agency at a higher salary with less qualifications." (Compl. at 2).  Although Davis does not identify Sharp as his comparator in his present complaint, in opposition to the motion for summary judgment, he submitted exhibits and other evidence referencing his starting salary as compared to Sharp's salary.  "Res judicata acts as a bar 'not only to the precise legal theory presented in the previous litigation, but to all legal theories and claims arising out of the same operative nucleus of fact.'" *Pleming v. Universal-Rundle Corp.*, 142 F.2d 1354, 1356 (11th Cir. 1998).  *See also Driessen v. Fla.*, 2010 WL 4204634, 1 (11th Cir. 2010) quoting *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999) ("*Res judicata* bars the filing of claims which were raised or could have been raised in an earlier proceeding.").

Finally, Davis relies on the same legal theory, disparate treatment racial discrimination.  Thus, the issue in the prior litigation is identical to the issue raised in this lawsuit.  The court therefore concludes that the plaintiff's race discrimination claims concerning his salary in the present action are barred by the doctrine of res judicata and should be dismissed.

## B.  RACE DISCRIMINATION - URINALYSIS TESTING

Davis next contends that the Department of Veterans Affairs discriminated against him based on his race by subjecting him to urinalysis testing in violation of the V.A.'s rules

and regulations.  Title VII prohibits discrimination on the basis of race, color, religion, sex, or national origin in a variety of employment practices.[5]  *See Walker v. NationsBank of Fla., N.A.*, 53 F.3d 1548, 1555 (11th Cir. 1995).  Davis's claim is governed by the familiar tripartite framework established by the United States Supreme Court in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973) and *Texas Dep't. of Cmty. Affairs v. Burdine,* 450 U.S. 248 (1981).  In an employment discrimination case, Davis bears the ultimate burden of proving that the defendant intentionally discriminated against him.  *Burdine*, 450 U.S. at 253.  This Circuit has consistently held that federal courts, in resolving discrimination claims, do not review the accuracy of an employer's decision.  *See e.g., Jones v. Bessemer Carraway Med. Ctr.*, 151 F.3d 1321, 1321 n.16 (11th Cir. 1998) (explaining that "Title VII is not a shield against harsh treatment at the workplace. . . .The employer may fire an employee for a good reason, a bad reason, a reason based on erroneous facts, or for no reason at all, as long as its action is not for a discriminatory reason." and citing *Nix*, 738 F.2d at 1187.)  Thus, "[t]o recover for disparate treatment, the employee must prove that the employer intentionally discriminated against him."  *Mitchell v. Jefferson County Bd. of Educ.*, 936 F.2d 539, 546 (11th Cir. 1991).

To defeat the defendant's motion for summary judgment, Davis must establish a prima facie case of discrimination by one of three generally accepted methods: (1) presenting direct

---

[5]  42 U.S.C.A. § 2000e-2(a)(1) provides: "It shall be an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin."

evidence of discriminatory intent; (2) presenting evidence to satisfy the four-part circumstantial evidence test set out in *McDonnell-Douglas*, *supra*; or (3) presenting statistical proof.[6]  *Carter v. City of Miami*, 870 F.2d 578, 581 (11th Cir. 1989).  Because Davis has not presented direct or statistical evidence of discrimination, the court proceeds to evaluate his circumstantial evidence of racial discrimination under the four-part *McDonnell-Douglas*.  *See Nix*, 738 F.2d at 1184 (noting that the *McDonnell Douglas* framework is a valuable tool for analyzing disparate treatment cases).  To be successful, Davis must first prove, by a preponderance of the evidence, a prima facie case of discrimination.  *Burdine,* 450 U.S. at 252-53.  If he establishes a prima facie case, the defendant then has the burden of producing "some legitimate, non-discriminatory reason" for the challenged employment action.  *See McDonnell Douglas,* 411 U.S. at 802.  If the defendant satisfies this burden, the plaintiff must then prove, by a preponderance of the evidence, that the articulated reasons were mere pretext for intentional discrimination.  *Burdine,* 450 U.S. at 256.  In the summary judgment context, Davis needs only present evidence from which a trier of fact could conclude the

───────────────

[6]  Direct evidence of employment discrimination consists of statements by a person with control over the employment decision "sufficient to prove discrimination without inference or presumption." *See Clark v. Coats & Clark, Inc.*, 990 F.2d 1217, 1223 (11th Cir. 1993) (citing *Carter v. City of Miami,* 870 F.2d 578, 581-82 (11th Cir. 1989).  The Eleventh Circuit has severely limited the type of language constituting direct evidence of discrimination. *See, e.g., Evans v. McClain of Ga., Inc.*, 131 F.3d 957, 962 (11th Cir. 1997); *Burrell v. Bd. of Trustees of Ga. Military Coll.*, 125 F.3d 1390, 1393-94 n.7 (11th Cir. 1997); *Earley v. Champion Int'l Corp.*, 907 F.2d 1077, 1082 (11th Cir. 1990).  This Circuit holds that a plaintiff presents direct evidence of discrimination where "actions or statements of an employer reflect a discriminatory or retaliatory attitude correlating to the discrimination or retaliation complained of by the employee." *Carter v. Three Springs Residential Treatment*, 132 F.3d 635, 641-42 (11th Cir. 1998); *Merritt v. Dillard Paper Co.*, 120 F.3d 1181, 1189 (11th Cir. 1997).  Davis does not argue that there exists direct evidence of intentional discrimination in this case, nor has he presented any statistical evidence supporting his claim of intentional discrimination.

defendant intentionally discriminated against him.

The plaintiff pursues this action *pro se* and his pleadings are not a model of clarity. Nonetheless, because the plaintiff asserts that he was discriminatorily subjected to drug testing because he is African-American, the court construes this claim as a disparate treatment claim.  To establish a prima facie case of disparate treatment, Davis, as a member of a protected class, must show that there were other employees who were similarly situated to him but were treated more favorably than him, specifically that they were not required to submit to a drug urinalysis test.  *See Walker v. Mortham*, 158 F.3d 1177, 1193 (11th Cir. 1998); *Holifield v. Reno*, 115 F.3d 1555, 1561 (11th Cir. 1997).  The parties do not dispute that Davis is a member of a protected class, and that he was subjected to drug testing. However, the defendant argues that because all the employees in the respiratory therapy department at the Tuskegee campus were required to undergo the drug urinalysis test, Davis cannot show that there were similarly situated non-African American employees who were treated more favorably than him.  *See Maniccia v. Brown*, 171 F.3d 1364, 1368 (11th Cir. 1999) (citing *Jones v. Bessemer Carraway Med. Ctr.*, 137 F.3d 1306, 1311 (11th Cir. 1998) *modified by*, 151 F.3d 1321 (11th Cir. 1998)).[7]

The question of whether Davis is similarly situated with other employees is critical. *See Marshall v. Western Grain Co., Inc.*, 838 F.2d 1165, 1168 (11th Cir. 1988) (citing

---

[7] The part of this opinion dealing with the establishment of a prima facie case by circumstantial evidence was not superceded by *Jones v. Bessemer Carraway Med. Ctr.*, 151 F.3d 1321 (11th Cir. 1998). Only the part of the Court's opinion regarding direct evidence was superceded.

13

*Kendall v. Block*, 821 F.2d 1142 (5th Cir. 1987)).[8]  It is Davis's burden to prove that a

similarly situated person received better or more favorable treatment.  *See e.g., Holifield,* 115

F.3d at 1565.  In applying this standard, an allegation of a similarly-situated comparator,

without an adequate showing that the plaintiff is similarly situated, fails to establish a prima

facie case of employment discrimination.  *Malladi v. Brown*, 987 F. Supp. 893, 909-910

(M.D. Ala. 1997) *aff'd by United States v Ponder*, 150 F.3d 1197 (11th Cir. 1998).  Davis

presents no evidence that other employees were exempt from the drug testing at issue.  In

fact, the undisputed evidence demonstrates that all the employees in the respiratory therapy

department on the Tuskegee campus were interviewed and required to submit to drug testing.

(Def's Ex. 27, Evid. Hr'g Tr. at 25-26, 151-52, 188, 206-07; Def's Ex. 26, Aff. Ken

Langford, at 10-11).

Davis argues that, because Stephanie Estes was told the urinalysis test was a random

drug test instead of a reasonable suspicion drug test,[9] the test was invalid because it was done

in violation of the Veteran Affairs' policies.  Whether the drug test was random or based on

reasonable suspicion is immaterial to Davis's claim of intentional racial discrimination.  The

undisputed evidence demonstrates that all the employees in the respiratory therapy

department on the Tuskegee campus were subjected to the drug test.  Davis also contends

---

[8]  *See Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding
precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on
September 30, 1981.

[9]  It is undisputed that, based on the allegations, the Department had sufficient reasonable suspicion
to require the employees to submit to drug urinalysis tests.

that his supervisor, Ken Langford, made false statements about drug activity on the Tuskegee campus so that he could order the employees to undergo drug testing.[10]   Absent some evidence that Langford's actions were racially motivated, his statements or reasons for instigating the investigation and subsequent drug testing are immaterial.  Davis has presented no evidence that the decision to require him to undergo a drug test was racially motivated.

Furthermore, the plaintiff has failed to present sufficient evidence to permit an inference of discrimination.  Proving a prima facie case is not onerous; it requires only that the plaintiff present sufficient evidence to permit an inference of discrimination.  *Burdine*, 450 U.S. at 253-54.  Davis offers nothing to suggest that race played a role in the decision to require him to undergo a drug test.  To survive the motion for summary judgment, Davis must present evidence creating a genuine dispute of material fact.  Davis presented no evidence that the drug testing was based on improper motives.  Regardless of whether Davis believes that the defendant should have provided him with the specific written policy that warranted the drug testing, he has presented no evidence that the decision to require him to undergo a drug test was racially motivated.  Accordingly, the court concludes that Davis has failed to establish a prima facie case of race discrimination and the defendant is entitled to

---

[10]   In his opposition to the defendant's motion for summary judgment, Davis refers to 18 U.S.C. § 1621 and 18 U.S.C. § 1512.  To the extent that Davis attempts to allege causes of action based on Langford's alleged perjury or witness tampering, *see Pl's Rep. in Opp. to Def's Mot. for Summ. J.*, doc. # 24, there are no private rights of action under these criminal statutes. "[A]s criminal statutes, [these code sections] do not convey a private right of action" nor do they authorize an individual to initiate criminal proceedings.  *See generally Mueller v. United States*, 2010 WL 5060544, *4 (C.D. Cal., 2010); *Small v. Mortgage Electronic Registration Sys., Inc.*, 2010 WL 3719314 *8-9 (E.D. Cal. 2010); *Banks v. Kramer*, 2009 WL 5526780 (D.C. Cir. 2009).

summary judgment on this count.

## C.  TERMINATION and BOARD CLAIMS

Davis next challenges actions related to his termination in 2007 in which he argues that the initial termination was improper as evidenced by his return to duty.  As evidence that he was improperly terminated, Davis alleges that the defendant did not like the first review board so it caused a second review board to be convened which ruled in favor of the defendant.[11]  As part of the internal appeals process, Davis was reinstated to his position and he has since voluntarily retired.  He does not seek reinstatement.  *See* Compl. at 2, doc. # 1.

Davis does not claim that his initial termination or subsequent actions arising from that action were based on his race.  He makes no allegation that he was treated differently based on his race or that race was a motivating factor for any adverse treatment of him. Consequently, he has failed demonstrate, by a preponderance of the evidence, a prima facie case of race discrimination.  *Burdine,* 450 U.S. at 252-53.  Davis has presented no evidence from which a trier of fact could conclude the defendant intentionally discriminated against him based on his race with regard to these claims. Accordingly, the defendant is entitled to summary judgment on these claims.

## D.  HOSTILE WORK ENVIRONMENT CLAIM

To establish a racially hostile work environment, harassment must be "sufficiently

---

[11]  The defendant argues that this court does not have jurisdiction over this claim, and that Davis has failed to exhaust this claim.  Because these claims fail as a matter of law, the court pretermits discussion of these specific defenses.

severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment[.]" *Corbitt v. Home Depot, U.S.A., Inc.*, ___ F.3d ___, ___, 2009 WL 1981383, *10 (11th Cir. 2009) (No. 08-12199).  Davis does not point the court to any specific incidents which he contends demonstrate racial animus sufficient to sustain a racially hostile work environment claim.  However, the court has culled the following incidents from the materials before the court:  (1) he was subjected to an urinalysis test, (2) he was investigated, and (3) he did not receive emails that other employees received.  As best the court can discern, Davis argues that these incidents are sufficient to constitute a racially hostile work environment.[12]

Under the law of this circuit, a plaintiff establishes a prima facie case of racially hostile work environment harassment claim by showing:  (1) that he belongs to a protected group; (2) that he has been subjected to unwelcome harassment; (3) that the harassment was based on his race; (4) that the harassment was sufficiently severe or pervasive to alter the terms and conditions of his employment and create a discriminatory abusive working environment; and (5) a basis for holding the defendant liable.  *See generally Mendoza v. Borden, Inc.*, 195 F.3d 1238, 1245 (11th Cir. 1999)(*en banc*).  A plaintiff must establish that the harassment is sufficiently severe or pervasive "to ensure that courts and juries do not mistake ordinary socializing in the workplace . . . for discriminatory 'conditions of

---

[12] The court notes that this is not a situation in which racial slurs and racially offensive material were so "commonplace, overt and denigrating" that a reasonable jury could conclude that "they created an atmosphere charged with racial hostility."  *Edwards v. Wallace Cmty Coll.*, 49 F.3d 1517, 1521-22 (11th Cir. 1995); *E.E.O.C. v. Beverage Canners, Inc.,* 897 F.2d 1067, 1068 (11th Cir. 1990)

17

employment'" and to ensure that the courts are not creating a "general civility code." *Gupta v. Fla Bd. of Regents*, 212 F.3d 571, 583 (11th Cir. 2000). To be successful, "a plaintiff must establish not only that []he subjectively perceived the environment as hostile and abusive, but also that a reasonable person would perceive the environment to be hostile and abusive." *Id.* Finally, "[t]o constitute an actionable hostile environment, conduct must be objectively sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993) (quoting *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 67 (1986)). It is the fourth element – conduct sufficiently severe or pervasive to alter the conditions of employment – "that tests the mettle of most . . . harassment claims." *Gupta,* 212 F.3d at 583.

> Workplace conduct is not measured in isolation; instead, "whether an environment is sufficiently hostile or abusive" must be judged "by 'looking at all the circumstances,' including the 'frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance' and whether it unreasonably interferes with an employee's work performance.'"

*Clark County  Sch.Dist. v. Breeden*, 532 U.S. 268, 270-71 (2001). *See also Mendoza*, 195 F.3d at 1246 (citations omitted); *Johnson v. Booker T. Washington Broad. Serv., Inc.,* 234 F.3d 501 (11th Cir. 2000); *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 647 (11th Cir. 1997) (citing *Harris*, 510 U.S. at 23).

Viewing the evidence in the light most favorable to the plaintiff, the court concludes that Davis has not established a prima-facie racially hostile work environment claim because the record contains no evidence that the conduct about which he complains was sufficiently

severe or pervasive to affect a term or condition of his employment and create a hostile or abusive work environment.  Applying the requisite factors to the totality of these events, the court concludes that the plaintiff has failed to establish a genuine issue of material fact regarding whether the conduct at issue was objectively sufficiently severe or pervasive to alter the terms and conditions of his employment and create a hostile or abusive working environment.

Davis complains that he was subjected to an urinalysis test after an allegation of drug activity was made.  As a result of that allegation, he was investigated by his employer.  He also alleges that he did not receive emails that other employees received.  The evidence before the court demonstrates that all employees in the respiratory therapy division were required to submit to a drug test *because of* the investigation into alleged drug activity.  Furthermore, other employees also did not receive emails.  (Def's Ex. 27, Tr. at pp.265-269, doc. # 30).  During an administrative hearing before the E.E.O.C. Davis complained that "[t]he racial thing I got, when I saw the email and found out they were sent explicitly to white employee.  Why not everyone else?"  (*Id*. at 266).  The undisputed evidence before the court demonstrates that the emails weren't racial in nature.

Davis does not specify the time period over which these incidents occurred.  Even if the court assumed that the incidents occurred in close proximity and showed frequent conduct, "the frequency . . . does not compensate for the absence of the other factors." *Mendoza v. Borden, Inc.*, 195 F.3d 1238, 1248 (11th Cir. 1999).  The nature of the incidents

militate against a finding that the incidents were sufficiently pervasive to alter Davis's work environment. Davis presents no evidence that he was hindered in his ability to do his job as a result of these incidents. This is not a situation where "the workplace is permeated with discriminatory intimidation, ridicule, and insult." *Butler*, 536 F.3d at 1214. The incidents Davis points to are simply not so severe or pervasive as to render the workplace objectively hostile or abusive. Based on the foregoing, the court concludes that the defendants' motions for summary judgment on Davis's hostile work environment claim are due to be granted

## IV.  CONCLUSION

Accordingly, for the reasons as stated, it is the RECOMMENDATION of the Magistrate Judge that the defendant's motions for summary judgment be GRANTED and that this case be DISMISSED with prejudice. It is further

ORDERED that the parties shall file any objections to the said Recommendation on or before **January 25, 2011.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain

error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 11th day of January 2011.

_____/s/Charles S. Coody_____
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE